UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ERMAN L. HARNESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:20-CV-10-TAV-HBG |
| | ) | |
| ANDERSON COUNTY, TN, | ) | |
| SOUTHERN HEALTH PARTNERS, | ) | |
| STATE OF TENNESSEE, | ) | |
| SHERIFF BARKER, | ) | |
| CHIEF PARKER, | ) | |
| CAPTAIN VOWELL, | ) | |
| LT. FENTON, | ) | |
| SGT. HARTSFIELD, | ) | |
| CORPORAL ROBERTS, | ) | |
| DEPUTY ALLEN, | ) | |
| NURSE MATTHEWS, and | ) | |
| NURSE HUDSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This pro se prisoner's amended complaint for violation of 42 U.S.C. 1983 is before

the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 6].

### I.      Background

This § 1983 action was initiated as a multi-plaintiff lawsuit [Doc. 1].  On January 7,

2020, the Court severed the multi-plaintiff action and opened the instant civil action

[Doc. 4 p. 2].  The Court ordered Plaintiff to complete a § 1983 form and return it to the

Court within fourteen (14) days [*Id.*].

On January 13, 2019, the Court received Plaintiff's amended complaint, which alleges that his claims are the "same as previous" [Doc. 6 p. 3]. The initial statement of claim made in the original multi-plaintiff lawsuit signed by Plaintiff is that "health care/dental is almost always set aside," and that the joint plaintiffs had "experienced a denial of treatment and[/]or dental treatment" [*Id.*].[1]

## II. Screening Standards

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *see Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent

---

[1.] The Court acknowledges that an amended complaint supersedes the original complaint and becomes the operative pleading. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Given the amended complaint's apparent incorporation of the claims in the original complaint, the Court will, out of an abundance of caution, address Plaintiff's allegations in both the original and amended complaints.

standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III.    Analysis

It is hornbook law that a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Under this standard, a State actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847.

The Court finds that while the initial multi-plaintiff complaint [Doc. 1] contains some detailed information from other inmates involved in that original action, neither the original complaint nor the amended complaint in this action states any facts from which the Court could infer that Plaintiff's own medical or dental needs have been met with deliberate indifference. It is impermissible for the Court to assume that unpleaded facts

3

exist to support such a finding, and therefore, Plaintiff's conclusory allegations fail to state a constitutional claim against any named Defendant. *See Iqbal*, 556 U.S. at 681 (finding conclusory allegations are "not entitled to be assumed true"); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and it will be dismissed.

## IV. Conclusion

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE